E-FILED
Wednesday, 19 December, 2007  12:46:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY L. RUTLEDGE, | ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 97-4054 |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

## O R D E R

This matter is before the Court on Defendant, Tommy L. Rutledge's ("Rutledge"), Motions to Set Aside and Vacate Sentence Pursuant to Rule 60(b).  For the reasons set forth below, the Motion [#93] is DISMISSED for lack of jurisdiction.

### Discussion

On June 25, 1992, a jury found Petitioner, Tommy Lee Rutledge ("Rutledge"), guilty of the six counts charged in the second superceding indictment.  On December 23, 1992, he received: (1) life imprisonment for the operation of a continuing criminal enterprise ("CCE") (Count I); (2) life without possible release for conspiracy to distribute and to possess with intent to distribute (Count II); (3) life without possible release for the distribution of cocaine (Count III); (4) ten years for possession of a firearm by a previously convicted felon (Count IV); (5) five years for carrying a firearm during and in relation to a drug trafficking offense (Count V); (6) ten years for using and carrying a firearm during and in relation to a drug trafficking offense (Count VI).  The sentences imposed on the first five

counts ran concurrently with one another, while the sentence imposed on Count VI ran consecutively with the sentences imposed on all other counts.

The Seventh Circuit affirmed Rutledge's conviction and sentence on September 9, 1994. United States v. Rutledge, 40 F.3d 879 (7th Cir. 1994). Subsequently, the Supreme Court of the United States reversed the Seventh Circuit's decision and remanded the case for a vacation of either Rutledge's CCE (Count I) or conspiracy to distribute narcotics (Count II) conviction. Id. at 874. This Court vacated the conspiracy to distribute narcotics conviction on May 29, 1996. Id.

Rutledge then filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct an illegal sentence on April 24, 1997. After the Court appointed counsel to represent Rutledge, his counsel filed a supplemental memorandum. The Court resolved the following issues presented in this § 2255: (1) Whether Counts V and VI (both armed drug trafficker counts) must be vacated in light of the evidence, jury instructions and the Supreme Court's decision in *United States v. Bailey*; (2) Whether the Count I(CCE) conviction must be set aside because the jury could have relied on impermissible predicate offenses; (3) If Count I(CCE) is vacated, can count II (conspiracy) be revived; (4) Whether Count IV (felon in possession of firearm) must be vacated because of the restoration of certain civil rights; (5) Whether Count III (distribution of controlled substances) must be vacated due to his trial counsel's failure to conduct an adequate investigation of the facts, interview potential witnesses and present an alibi defense; (6) Whether the sentence imposed on Count III must be reduced to no more than 30 years because the sentence exceeds the maximum sentence proscribed by 21 U.S.C. § 841(b)(1)(C); (7) Whether Rutledge was denied effective assistance of counsel as guaranteed by the Sixth

Amendment?  Rutledge, 22 F. Supp. 2d at 874.  The Court resolved these issues as follows:

> In conclusion, Count I (CCE) is vacated.  Count II (conspiracy to distribute) is reinstated.  Count III (distribution) remains viable, but the sentence imposed should be reduced to 30 years.  Count IV (felon in possession of a firearm) remains.  Count V (armed drug trafficker) is vacated but can be retried.  Count VI (armed drug trafficker) is vacated.

Id.

This ruling was affirmed by the Seventh Circuit.  Rutledge v. United States, 230 F.3d 1041 (7th Cir. 2000).  The Supreme Court denied Rutledge's petition for writ of certiorari on February 26, 2001.  Rutledge v. United States, 531 U.S. 1199 (2001).

On January 10, 2002, Rutledge filed a second motion pursuant to § 2255.  On May 29, 2002, the Court dismissed this motion as a second or successive petition filed without leave from the Court of Appeals, and the dismissal was affirmed on appeal to the Seventh Circuit.

Rutledge has now filed the present Motion for Relief from Judgment pursuant to Rule 60(b) in which he argues that the Court lacked jurisdiction to reinstate a vacated conviction for a lesser included offense that he was never specifically charged with and which was not an offense of which he was convicted.  In addition to being untimely, the Court lacks jurisdiction to consider the motion because it is successive.

The Seventh Circuit has previously addressed the filing of a Rule 60(b) motion under analogous circumstances and unambiguously concluded that "a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)."  Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997).  Otherwise,

the requirements and limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") would be ineffectual. Id. This holding was recently clarified and reaffirmed in Curry v. United States, ___ F.3d ___, 2007 WL 3287070 (7th Cir. Nov. 8, 2007), *citing* Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (holding that where the grounds of a motion and the relief sought mark it as a motion under § 2255, "it will be treated as such.")

Thus, under the clearly established law of this circuit, Rutledge's motion challenging the Court's jurisdiction is nothing more than a disingenuous attempt to bring yet another petition for collateral relief in federal district court without first having obtained an order from the Seventh Circuit Court of Appeals. Before this Court is able to consider Petitioner's claims, he must obtain such order from the Seventh Circuit Court of Appeals. He is therefore not entitled to relief in this Court at this time, and his motion will be dismissed for lack of jurisdiction.

## Conclusion

Accordingly, for the reasons set forth above, the Motion for Relief from Judgment [#93] is DISMISSED for lack of jurisdiction. This matter is again TERMINATED.

ENTERED this 19th day of December, 2007.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge